BEER, Judge
(dissenting).
I respectfully dissent. I believe that the acceptance filed on February 16, 1971 was valid and, therefore, the lien filed on March 29, 1971 and the suit filed on February 2, 1973 are too late.
The statutory definition of “substantial completion” contained in R.S. 9:4802.1 does not, either by specific reference or by implication, assign the burden of proving substantial completion to a surety seeking to avail itself of the implicit right to have the lien period commence. It simply provides that the owner be able to use or occupy the works for the use for which it was intended. No burdens are assigned; no presumptions are stated. I believe that the acceptance is entitled to a presumption of regularity and that evidence adduced on the trial will either affirm or rebut this presumption. Unlike Capitol, supra, the acceptance filed here was, in my opinion, in good faith. Also unlike Capitol the construction work was over even though minor decorative details were incomplete. A staff of motel operating personnel were “on board” and within 72 hours of the acceptance being filed, final necessary clearances were obtained to open the motel to the public.
In the context of these times, I believe the motel was as substantially completed as most homes are when the anxious owners move in. Indeed, “punch-list” has become a common vocabulary term to all who embark upon the often frustrating task of having something built.
In addition to the physical status of the works, the type of employees on the payroll by February 15th, 1971 support the substantial completion contention. Maids, housekeepers, desk clerks, and bellmen do not do construction work. The certificate of acceptance, obviously filed at a time when those who executed it felt it was timely, is entitled, I believe, to a presumption of regularity. I see no clear basis in this record for overruling that presumption.